ROBERT WELCH STAVE & MERCANTILE COMPANY v. BURRIS.

## Opinion delivered October 13, 1924.

1. TRIAL—INSTRUCTION—ASSUMPTION OF DISPUTED FACT.—Where, in an action against a foreign corporation, the sheriff's return to the summons stated that he had delivered a copy to J. R. W., manager of said company, an instruction that, in determining whether or not the defendant was doing business in the State, the jury might "take into consideration representations made by its managers, officers and employees, as well as any and all other facts and circumstances that throw any light on the facts," is not objectionable as assuming that J. R. W. was the manager of the defendant.

2. CORPORATIONS—FOREIGN CORPORATION DOING BUSINESS IN STATE.— Testimony *held* sufficient to sustain a finding that defendant, a foreign corporation, was doing business in the State.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; affirmed.

*A. D. DuLaney,* for appellant.

The motion to quash service should have been sustained, as appellant is a foreign corporation, having no agent, office or place of business in this State. The service to be valid must have been made under authority of § 1152, C. & M. Digest, but none of the terms of said section apply to appellant. See 128 Ark. 321; 115 Ark. 272. Under the decision in 128 Ark. 321 appellant had the right to appear and move to quash service, and then to answer. See also 77 Ark. 412; 59 Ark. 593; 85 Ark. 236. It was error to give plaintiff's instruction No. 2.

*Seth C. Reynolds* and *A. P. Steel,* for appellee.

HUMPHREYS, J. Appellee instituted suit in the circuit court of Little River County against appellant to recover damages on account of a breach of an alleged contract whereby appellee was to haul, by water, 400 cords of stave bolts from Tilson's Landing on Red River to appellant's plant at Index, on said river. The sheriff's return on the summons is as follows:

"On the 6th day of June, 1921, I have duly served the within writ by delivering a copy and stating the substance thereof to the within named Robert Welch Stave & Mercantile Company, by delivering a copy to J. R.

Wiseman, manager of said company, as I am herein commanded. (Signed) J. R. Pierce, Sheriff."

Appellant appeared specially and moved to quash the service on the ground that it was a Missouri corporation, doing business solely in the State of Missouri, and that it had no place of business in Arkansas. After hearing testimony upon the issue tendered in the motion as to whether appellant was doing business at Index, Arkansas, the court overruled the motion, to which ruling exceptions were saved; and, without waiving any of its rights under said motion, appellant filed an answer denying all the material allegations in the complaint, and, by way of further defense, interposed the statute of frauds.

The cause was then submitted to a jury upon the pleadings, testimony and instructions of the court, which resulted in a judgment in favor of appellee for $200 and costs, from which is this appeal.

Only so much of the testimony has been abstracted by the respective parties as they deem necessary for a proper presentation on appeal of the two following questions:

First, whether the court erred in overruling the motion to quash service.

Second, whether the court erred in giving instruction No. 2 for appellee, over the special objection of appellant, which is as follows:

"2. The court instructs you that, in determining whether or not the defendant was doing business at Index at the time of this contract, you may take into consideration representations made by its managers, officers and employees, as well as any and all other facts and circumstances that throw any light on the facts."

The specific objections made to instruction No. 2 were that it assumed that J. R. Wiseman was manager and an officer of appellant, and that the instruction allowed the jury to take into consideration any statement made by any employee of the partnership that existed at Index by which it might bind appellant in the case. The instruction does not mention J. R. Wiseman and does not

assume that he was manager of appellant at Index. That was the issue in the case, and the meaning of the instruction is that the jury might consider the statements of the manager, officers and employees at the mill at Index along with all the other facts and circumstances in determining whether they represented appellant, and whether appellant was doing business at that point. The instruction did not tell the jury that agency might be established by the testimony of the agent alone. If the testimony of any of the witnesses was incompetent, the objection thereto should have been preserved and presented on appeal. The competency and relevancy of testimony cannot be reached on appeal in a law case by an objection to an instruction. The objection to the evidence itself must be made in a motion for a new trial, abstracted and presented as error to the appellate court.

As we understand it, the real contention of appellant is that no substantial evidence was introduced tending to show legal service on or liability against appellant. This must depend on whether there was any substantial evidence tending to show that appellant was conducting a business at Index. If so, service upon its manager at that point was sufficient to bring it into court and to sustain a judgment and verdict against it. Section 1152, C. & M. Digest.

J. W. Wiseman admitted that he was managing the business at Index, but denied that the business was owned or operated by appellant. He testified that the business was owned by Robert Welch himself and his brother, and was conducted by himself as manager under the partnership name of Welch Stave Company, and that it was an independent business. He testified that Robert Welch was president and his brother secretary of the Missouri corporation, and that the only connection the Missouri corporation had with the business at Index was to lend it money and take a part of its output. In his cross-examination, however, he made the following answers to questions propounded to him:

"Q. Your bank account is handled at Texarkana under the Welch Stave Company? A. Yes sir. Q. You

receive checks from the Robert Welch Stave & Mercantile Company to pay the labor at the mill, don't you? A. They are furnishing the money. Q. You admit that your payroll comes through the Robert Welch Stave & Mercantile Company of Saint Louis? A. Yes, some of it does. Q. I will ask you if, every time you issue a bill out there at Index, if you don't immediately send the bill to the office of the Robert Welch Stave & Mercantile Company? A. Yes sir. * * * Q. When the bank at Texarkana called on you for rating, did you not state to them that your company was a branch of the Robert Welch Stave & Mercantile Company, and, for the purpose of investigating the standing of the company, to make their inquiry of the Robert. Welch Stave & Mercantile Company? A. I don't remember; I expect I did. I will tell you, the Robert Welch Stave & Mercantile Company is furnishing the money to us to run the mill at Index. Mr. Welch and my brother are interested in the business at Index. They are furnishing me the money to run the mill. * * * Q. Did T. H. Wiseman and Robert Welch own fifteen thousand dollars worth of machinery at Ogden in 1921? A. I guess possibly we owned more than that. Q. How many different names have you gone under at Index since you have been there? A. Two. Q. What were they? A. Welch Stave Company and Index Stave Company. Q. I will ask you this question: Didn't Mr. Robert Welch, or the Robert Welch Stave & Mercantile Company, in sending you money to pay off the payroll, make the checks payable to the Robert Welch Stave & Mercantile Company and send to you to be deposited in your bank here to pay your hands? A. After Mr. Welch got sick they did. Q. You get mail continually addressed to the Robert Welch Stave & Mercantile Company at Index, don't you? A. No sir. I don't know. Possibly I get circulars, but they get that, I suppose, from the Bradstreet Company.''

It was also shown that most of the books relative to the business at Index were kept in the office of appellant in Saint Louis.

The appellee testified that he made the contract for hauling the staves with J. R. Wiseman, as manager of the Robert Welch Stave & Mercantile Company; that he had been familiar with appellant and its manager for two years, and had always understood appellant was a corporation.

It is true that the mere act of lending money to a concern and taking the output manufactured by it does not, of itself, show that the concern advancing the money and taking the output is the owner or interested as a party in the concern to whom it furnishes money, but this fact, when taken in connection with the manner of operation and control of the business by the advancing concern, may furnish a basis for a reasonable inference that the business was owned or operated by the concern which advanced the money. We think the facts and circumstances in the instant case were sufficient from which the court and the jury might well draw an inference that the business at Index was owned or operated by appellant.

No error appearing, the judgment is affirmed.